[Cite as *State ex rel. Gutierrez v. Wiest*, 2026-Ohio-2866.]

STATE OF OHIO        )                        IN THE COURT OF APPEALS
                           )ss:                  NINTH JUDICIAL DISTRICT
COUNTY OF WAYNE    )

STATE OF OHIO EX REL. VICTOR
GUTIERREZ

      Relator

      v.

JUDGE MARK WIEST

      Respondent

C.A. No.  26AP0024

ORIGINAL ACTION IN
PROCEDENDO

Dated: July 27, 2026

PER CURIAM.

{¶1} Victor Gutierrez petitioned this Court for a writ of procedendo to order Judge Mark Wiest to rule on a pending motion. Judge Wiest has moved to dismiss. For the following reasons, the motion to dismiss is granted and the petition is dismissed.

{¶2} When this Court reviews a motion to dismiss under Civ.R. 12(B)(6), we must presume that all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition can only be dismissed when, having viewed the complaint in this way, it appears beyond doubt that the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.

{¶3} To obtain a writ of procedendo, Mr. Gutierrez must establish that he has a clear legal right to require the judge to proceed, that the judge has a clear legal duty to proceed, and

that there is no adequate remedy available in the ordinary course of law. *State ex rel. Ward v. Reed*, 2014-Ohio-4512, ¶ 9, citing *State ex rel. Sherrills v. Cuyahoga Cty. Court of Common Pleas*, 72 Ohio St.3d 461, 462 (1995). Procedendo is the appropriate remedy when a judge has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *State ex rel. M.D. v. Kelsey*, 2022-Ohio-2556, ¶ 10. According to the complaint, Mr. Gutierrez filed a motion for resentencing on February 9, 2026, which remains pending. In Judge Wiest's motion to dismiss, he acknowledged that he presided over Mr. Gutierrez's trial, but he also stated that his service as a judge of the Wayne County Court of Common Pleas ended in January 2023.

{¶4} When a petitioner seeking a writ of procedendo fails to name any party who can grant the relief requested, the petition is "fatally defective" and should be dismissed. *See State ex rel. Johnson v. Jensen*, 2014-Ohio-3159, ¶ 5. Because Judge Wiest left office in January 2023, he could not perform the act requested when the complaint was filed, and he cannot perform that act now. *Id*. at ¶ 6. Consequently, he cannot be subject to any legal duty to do so, and this case must be dismissed. *Id.*

{¶5} Judge Wiest's motion to dismiss is granted, and this case is dismissed.

{¶6} Costs of this action are taxed to Mr. Gutierrez. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

_____
JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
SUTTON, J.
CONCUR.

APPEARANCES:

VICTOR GUTIERREZ, Pro se, Petitioner.

ANGELA POTH-WYPASEK, Prosecuting Attorney, and THOMAS M. MCCARTY, Assistant Prosecuting Attorney, for Respondent.